WITTENBERG, Respondent, vs. LEHMAN, Appellant.

*October 10—November 7, 1933.*

For the appellant there was a brief by *Corrigan, Backus, Ruppa, Bortin & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

For the respondent there was a brief by *Bender, Trump, McIntyre & Freeman* of Milwaukee, attorneys, and *Ronold A. Drechsler* of Milwaukee and *E. W. Lawton* and *Thorwald M. Beck* of counsel, both of Racine, and oral argument by *Mr. Drechsler* and *Mr. Lawton.*

ROSENBERRY, C. J.  The principal contention of the defendant here is that the evidence offered and received is insufficient to sustain the verdict.  Upon the trial Hildegarde Evensen, deputy register of deeds, who had charge of the recording of the deed and who must have been a party to the substitution if any there was, testified as to her recollection of the transaction and files from her office were introduced. Schauer, the grantor, testified that he was unable to state whether the deed contained the clause by which the grantee assumed and agreed to pay the mortgage, but upon cross-examination testified to a preliminary contract by the terms of which it was provided that the defendant should take title subject to the mortgage.  Charles Nitz, Harry A. Worth, and Erwin J. Kern were sworn as witnesses and testified that in negotiations with the defendant they saw and examined the deed given to the defendant, which was typewritten, having upon it the written signatures of the grantors and which contained a clause by which the grantee assumed and agreed to pay the mortgage.  The purpose of their examination was to discover whether or not such a clause was contained in the deed.  Defendant denied that in the deed by which he took title and by the terms of the deed which he sent to be recorded, there was a clause by which he assumed and agreed to pay the mortgage, but on the contrary there was a clause to the effect that he took title

subject to the mortgage. In this state of the record there was presented a square conflict of testimony and it was for the jury to determine where the truth lay. There is ample evidence to support the verdict.

The defendant further contends that the court erroneously sustained an objection to testimony offered by the defendant. The defendant was permitted to prove the preliminary contract entered into between him and the grantor, Schauer. After offering that contract in evidence, the defendant's counsel asked Schauer, the grantor, the following question:

"Mr. Schauer, it was your intention, was it not, in carrying out this instrument, Exhibit 8a, to carry out into the deed—to have carried into the deed that understanding that Lehman was taking that land subject to a mortgage of $2,500, and the interest on said mortgage was to be paid by the party of the second part to the date of the execution of said deed?"

The question was objected to by counsel for plaintiff upon the ground that it tended to contradict the written instrument. The objection was sustained and the defendant made no further offer of proof along that line. Upon his direct examination the witness Schauer was shown a certified copy and asked by counsel for plaintiff if the clause "which said mortgage the second party hereto agrees to assume and pay as a part of the purchase price hereof" was in the original deed. To this he replied: "I want to see the proof, the copy. I can't say right now." He then said: "This ain't the deed that we signed at all." He was then asked: "Did the deed which you signed contain the assumption of mortgage clause?" To this defendant's counsel objected on the ground that it called for a conclusion. The court sustained this objection with this observation: "You have read to him the provisions and he says that he don't know. That is as far as you can go with him;" and the matter was pursued no farther by counsel for either the

plaintiff or the defendant. The defendant having by his objection prevented the introduction of Schauer's testimony as to whether or not the assumption of mortgage clause was in the deed, it would certainly be wholly immaterial whether or not he intended to have it in, which was the purport of the question asked by counsel for the defendant, objection to which was sustained by the court. Counsel for defendant made no offer of proof which would tend to have established the fact that there had been a wrongful substitution for the deed sent by Lehman to the office of the register of deeds for recording, and the inference there was such substitution arises wholly upon the uncorroborated testimony of Lehman. From the state of the record it is considered that there was no error.

It is further urged on behalf of the defendant that there should be a new trial on the ground that counsel for the defendant was ill and for that reason not able to make a proper presentation of the case. The trial judge apparently gave careful consideration to the facts upon which this contention is based and was of the opinion that the defendant's case was ably presented by counsel who was assisted by two other able attorneys. The matter was within the discretion of the trial court and upon the record it cannot be said that there was an abuse of that discretion.

*By the Court.*—Judgment affirmed.